UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

VICTOR BRYANT,

              Plaintiff,              Case No. 2:13-cv-349

v.                                        Honorable R. Allan Edgar

C. WHITE,

              Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Catherine Bauman. The Court will serve the complaint against Defendant C. White.

## Discussion

I. Factual allegations

Plaintiff Victor Bryant, a state prisoner currently confined at the Chippewa Correctional Facility (URF), filed this civil rights action against Defendants Mail Room Employee C. White and Warden Catherine Bauman. In his complaint, Plaintiff alleges that he submitted a Petition for Judicial Review to the Ingham County Circuit Court on March 19, 2013, in an attempt challenge a February 7, 2012, misconduct conviction. On March 28, 2013, Plaintiff received an order from the court directing him to submit a partial filing fee of $33.00 by no later than April 15, 2013. On April 1, 2013, Plaintiff submitted an expedited legal mail disbursement form for the filing fee to be sent to the court. Assistant Resident Unit Supervisor Denman forwarded the form to the mail room for processing. Plaintiff states that he crossed out the term "legal postage" on the form and checked the box for "filing fee," writing in the amount $33.00. In addition, Plaintiff wrote "30th Judicial Circuit Court / Postage = Pre-Paid" in the "pay to:" section of the form. Plaintiff also submitted a pre-paid stamped envelope, which had been provided by the Ingham County Circuit Court.

On April 2, 2013, Defendant White sent Plaintiff's form to the court without the $33.00 filing fee. On April 5, 2013, Plaintiff filed a grievance on Defendant White, asserting that she improperly had $1.12 removed from his account to pay for postage. This grievance was resolved on April 17, 2013, as Plaintiff was refunded the postage. On April 8, 2013, the Ingham County Circuit Court returned Plaintiff's form for failure to include the filing fee. Plaintiff received the returned form on April 12, 2013. On April 15, 2013, Plaintiff resubmitted an expedited legal mail disbursement form in an attempt to send the $33.00 filing fee. On April 16, 2013, the Ingham

County Circuit Court returned Plaintiff's petition for judicial review for failure to submit the filing fee within 21 days. On April 29, 2013, Plaintiff's petition was denied and his $33.00 check was returned.

On May 1, 2013, Plaintiff filed a grievance on Defendant White for causing the dismissal of his petition by the Ingham County Circuit Court. On May 3, 2013, Plaintiff filed a motion to show cause in the Ingham County Circuit Court, seeking reinstatement of his petition for judicial review due to circumstances out of his control. Plaintiff's motion was denied on May 9, 2013. Plaintiff received the denial on May 14, 2013. On May 17, 2013, Plaintiff's Step I grievance was denied and on June 10, 2013, Defendant Bauman denied Plaintiff's Step II grievance. Plaintiff's step III grievance was denied on November 5, 2013.

Plaintiff asserts that Defendant White violated Plaintiff's First Amendment right of access to the courts. Plaintiff also states that Defendant Bauman was deliberately indifferent to Plaintiff's rights when she denied his Step II grievance appeal. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claims against Defendant Bauman are based solely on her response to his Step II grievance appeal. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S.

at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D.

Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Bauman was personally involved in the activity which forms the basis of his claim. Defendant Bauman's only role in this action involve the denial of administrative grievances or the failure to act. Defendant Bauman cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendant Bauman are properly dismissed for lack of personal involvement.

However, Plaintiff's access to courts claim against Defendant White appears to be non-frivolous. Therefore, this claim may not be dismissed upon initial review.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Bauman will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant White.

An Order consistent with this Opinion will be entered.


Dated:      3/4/2014                        */s/ R. Allan Edgar*
                                            R. Allan Edgar
                                            United States District Judge